Mark McClenning, CA SBN 206177
725 N Sycamore Ave, Apt 21
Los Angeles, California 90038
Telephone: (323) 924-5933
McClenningLaw@ca.rr.com

*Pro Per* Plaintiff

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mark McClenning, an individual,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>NCO Financial Systems, Inc.; Erica Lynn Brachfeld a.k.a Erica Lynn Brachfeld-Shubin, an individual; Erica L. Brachfeld, A Professional Corporation d.b.a. Brachfeld and Associates a.k.a. The Brachfeld Law Group, PC; Martin Brachfeld a.k.a Marty Brachfeld, an individual; and Does 1-10, inclusive,<br><br>　　　　　Defendants. | Case No. CV09 01674 CAS(FMOx)<br><br>FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL |

COMES NOW PLAINTIFF MARK McCLENNING, and respectfully submits his first amended complaint as follows:

**JURSIDICTION AND VENUE**

1.　This is an action under the Fair Debt Collection Practices Act, hereinafter "FDCPA," 15 U.S.C. §1692a *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Jurisdiction in this case is founded upon 15 U.S.C. 1692k which grants the United States District Courts

jurisdiction to hear this action without regard to the amount in controversy. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C.§ 1367. Declaratory relief is available pursuant to 28 U.S.C.§§ 2201 and 2202.

2. Venue herein is proper as the conduct complained of in this action took place within this judicial district.

## THE PARTIES

3. Plaintiff Mark McClenning is an adult who resides within this judicial district.

4. Upon information and belief, Defendant NCO Financial Systems, Inc., hereafter "NCO," is a Pennsylvania corporation doing business within this judicial district that is engaged in the business of collecting debts in the State of California.

5. Upon information and belief, Defendant Erica L. Brachfeld, A Professional Corporation (hereinafter "ELBPC") had, at all times relevant to this complaint, its principal place of business located at 20300 South Vermont Avenue, Suite 120, Torrance, California 90502.

6. Upon information and belief, Defendant Erica Lynn Brachfeld (hereinafter "ELB") was and is an individual residing in the County of Los Angeles, and all times relevant herein was and is an attorney and the sole owner and officer of defendant ELBPC.

7. Upon information and belief, Defendant Martin Brachfeld, (hereinafter "MB") was and is an individual residing and employed in the County of Los Angeles, and all times relevant herein was employed by defendant ELBPC as a debt collector. Upon information and belief, defendant MB was a California attorney until a 2004 suspension caused him to become ineligible to practice law in the State of California. Upon information and belief, defendant MB was not eligible to practice law in the State of California at all times relevant herein.

8. The true names and capacities, whether individual, corporate, associate or otherwise, of the defendants sued herein as Does 1 through 10,

inclusive, are unknown to plaintiff, who therefore sues such defendants by such fictitious names. Plaintiff will amend this complaint to show the true names and capacities of such defendants when they have been ascertained. Plaintiff is informed and believes that each of the defendants designated herein as a DOE was in some manner responsible for the occurrences and injuries alleged herein.

9.   At all times mentioned herein, each of the defendants was the agent and employee of the other named defendants, and in doing the things alleged were acting within the course and scope of such agency and employment, and in doing the acts herein alleged were acting with the consent, permission and authorization of the remaining defendants. All actions of each of the defendants were ratified and approved by the other named defendants.

10.   Defendants are debt collectors as defined by the FDCPA, 15 U.S.C §1692a(6).

11.   Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

## FACTUAL ALLEGATIONS

12.   On or about February 29, 2008, plaintiff received correspondence from Defendant NCO, dated February 25, 2008. stating that Defendant NCO had received a delinquent account from Sallie Mae for collection from plaintiff. The correspondence alleged that plaintiff owed the sum of $18,651.41, representing a principal of $13,076.99, interest of $2,090.08, and fees of $3,568.92.

13.   On February 29, 2008, in response to NCO's correspondence, dated February 25, 2008, plaintiff forwarded written correspondence to NCO by first class mail and facsimile to dispute the alleged debt in its entirety, to advise NCO to cease any and all contact with plaintiff, and to request validation of the alleged debt. Plaintiff disputed the debt with NCO on the basis that the debt alleged to be owed to NCO had been previously discharged on March 17, 2006 in plaintiff's prior bankruptcy, Case No. 2:05-bk-42395-VZ, Central District of California Bankruptcy Court. Sallie Mae has reported and continues to report the status of the

alleged debt as discharged in bankruptcy on plaintiff's credit report. Despite proper and timely notice of the proceedings, Sallie Mae did not file a claim in plaintiff's prior bankruptcy proceeding, nor did Sallie Mae attend the meeting of creditors to make any objections to the dischargeability of the alleged debt during the pendency of plaintiff's prior bankruptcy proceeding.

14. On March 11, 2008, plaintiff received a telephonic collections communication from NCO on his telephone voicemail. In this regard, at approximately 8:35 am, an NCO employee called plaintiff from number (410) 986-0085 and stated that he was calling from NCO, that the call was an attempt to collect a debt, and that plaintiff was requested to return the call to number (800) 688-4490. As of the date of filing the instant complaint, NCO has not validated the alleged debt. Upon information and belief, NCO sold, transferred or otherwise assigned the alleged debt to defendant ELBPC and/or defendant ELB at some time prior to January 14, 2009.

15. On January 14, 2009, at approximately 11:58 a.m., plaintiff received a voicemail message from number 866-835-1915 wherein a woman identifying herself as Kristen Suddles calling with the law firm of Brachfeld and Associates requested that plaintiff return her call to phone number 866-835-1915, ext. 6012.

16. On January 14, 2009, plaintiff returned the voicemail message left previously in the day by calling 866-835-1915, ext. 6012. Upon being connected with Kristen Suddles, plaintiff explained that he was returning a call left earlier on his voicemail. After identifying himself, plaintiff was advised by Kristen Suddles that her office represented Sallie Mae with regard to collection of an alleged defaulted private educational loan. Plaintiff then asked that Kristen Suddles to provide him with her California State Bar number. Kristen Suddles replied that she was not attorney. Plaintiff then terminated the call.

//

//

17. After terminating the call with Kristen Suddles, who, upon information and belief, is a non-attorney debt collector employed by defendant ELBPC, plaintiff forwarded written correspondence, dated January 14, 2009, to defendant ELBPC by both first class mail and express mail to dispute the alleged debt in its entirety, to advise ELBPC to cease any and all contact with plaintiff, and to request validation of the alleged debt. Plaintiff disputed the debt with defendant ELBPC on the basis that the alleged debt had been previously discharged on March 17, 2006 in plaintiff's bankruptcy, Case No. 2:05-bk-42395-VZ, Central District of California Bankruptcy Court.

18. Defendant ELBPC received and signed for the plaintiff's January 14, 2009 correspondence on January 16, 2009. Defendant ELBPC did not, and to date, has not, validated the alleged debt. Moreover, defendant ELBPC did not send within 5 days of its first contact with plaintiff, and to date, has not, sent the required written notice to plaintiff pursuant to 15 U.S.C. §1692g(a).

19. On January 25, 2009, at approximately 6:49 p.m., while plaintiff was in the middle of Sunday dinner, plaintiff received an automated collections call from a caller, calling from 866-834-3556, identifying herself as Stephanie of Brachfeld and associates. The caller requested that plaintiff return her call to (866) 834-3556 regarding a debt.

20. On February 13, 2009, at approximately 8:36 a.m., plaintiff received a telephone call from 888-856-2120. When plaintiff answered the call, the female caller identified herself as calling with the law firm of Brachfeld and associates. Plaintiff then terminated the call.

21. On or about March 2, 2009, plaintiff discovered that defendant ELB had filed suit against plaintiff on January 29, 2009 in Los Angeles Superior Court, Case no. 09k01533, (hereinafter "underlying case"), based on the debt that defendant ELBPC had alleged plaintiff owed. Defendant ELB filed suit in the name of Sallie Mae, the original creditor. However, upon information and belief,

Defendant ELB actually represented defendant NCO, and was wrongfully and unlawfully suing plaintiff in the name of the original creditor. Upon information and belief, Sallie Mae had previously sold, transferred or otherwise assigned the rights to the alleged debt to NCO at some time prior to February 29, 2008.

22.     The complaint in the underlying case alleged one common count cause of action wherein defendant ELB combined the allegations of money had and received, open book, and account stated, despite the fact that open book and account stated are distinct causes of action based on entirely different factual circumstances. Defendant ELB alleged no specific factual allegations in support of the underlying complaint. The complaint did not allege any breach of contract cause of action despite the fact that if Sallie Mae were truly defendant ELB's client, Sallie Mae would possess any all and all promissory notes that plaintiff would have signed when obtaining the loan from Sallie Mae. Upon information and belief, defendant ELB did not allege any breach of contract cause of action in the underlying case because defendant ELB had no documentation from Sallie Mae because she was not actually prosecuting the underlying case on behalf of Sallie Mae, the original creditor.

23.     On March 3, 2009, plaintiff filed his answer to the complaint in the underlying case. Plaintiff's answer consisted of a general denial and affirmative defenses, including the defense that the alleged debt had previously been discharged in plaintiff's prior bankruptcy proceeding.

24.     On March 12, 2009, at approximately 8:23 p.m., plaintiff was personally served at his residence with the summons and complaint in the underlying case, despite the fact that defendant had previously filed his answer on March 3, 2009, and had caused defendant ELB to be served with his answer, by first class mail, on the same day.

25.     On March 16, 2009, in the underlying case, plaintiff caused defendant ELB to be served with: a demand for a bill of particulars with regard to the open

book account allegations and money had and received allegations; form interrogatories (limited civil) 101.1, 103.1, 112.1, 115.1, 150.1. 150.7; contention special interrogatories based on the allegations in the complaint; contention document requests based on the allegations in the complaint, and requests for admissions wherein plaintiff requested an admission that the alleged debt in the underlying case was previously discharged in bankruptcy.

26. On March 17, 2009, at approximately 8:47 p.m., plaintiff received a telephone call from (888) 856-2120. Plaintiff let the call go to voicemail, and no message was left. Upon information and belief, the number (888) 856-2120 is a telephone line defendant ELBPC uses for its collection calls.

27. On March 18, 2009, at approximately 11:31 a.m., plaintiff received a voicemail message from a caller at telephone number (713) 579-7000. The caller identified himself as Mark Williams calling with the attorneys office of Brachfeld and Associates. The caller stated that he was calling about a "time sensitive" matter. The caller stated that plaintiff should return his call to (866) 834-3556, ext. 6086, and that plaintiff should reference number "**NCO** 6086" when returning the call. The caller concluded the call by emphatically stating that plaintiff had 48 hours to return his call. Upon information and belief, Mark Williams is not a licensed California attorney, but is a non-attorney debt collector employed by defendant ELBPC.

28. On March 24, 2009, at approximately 3:33 p.m., plaintiff received a voicemail message from a caller at (866) 917-1327. The caller identified himself as Marty Brachfeld (defendant MB), and stated that he was calling with Brachfeld and Associates in connection with their client, Sallie Mae. Defendant MB further stated that his call was in regard to plaintiff's answer in the underlying case, and that plaintiff should call him to work something out with regard to the answer. Defendant MB further stated that, in his opinion, plaintiff's general denial gives rise to a motion for judgment on the pleadings as it amounts to a negative pregnant

pleading. Defendant MB further stated that he was unaware that a student loan could be discharged in bankruptcy and that plaintiff should call him back and educate defendant MB as to how this is possible. Defendant MB asked plaintiff to return his call to (310) 273-7861, ext. 2321. Upon information and belief, defendant MB is not, and was not at all relevant times herein, a licensed California attorney.

29. On March 25, 2009, plaintiff forwarded correspondence by first class U.S. mail, dated March 25, 2009, to defendant ELB. The correspondence confirmed the call plaintiff received from defendant MB. The correspondence set forth plaintiff's position that his general denial and affirmative defenses were sufficient, and that if defendant ELB disagreed, she should file her potentially dispositive motion for judgment on the pleadings and stop wasting plaintiff's and the Court's time. Plaintiff's correspondence also reminded plaintiff that Sallie Mae had reported the alleged debt as discharged on plaintiff's credit reports for the last three years, and if defendant ELB needed to be educated about the dischargeability of the alleged debt, she should consult with her client. Plaintiff's correspondence also instructed defendant ELB to put any legitimate concerns she had about the underlying case in writing, and he would respond, in turn, in writing. Plaintiff's correspondence also pointed out that defendant MB was in violation of California Rule of Professional Conduct 1-300 for the unauthorized practice of law, and that defendant ELB was in violation of California Rule of Professional Conduct 1-311 for employing an individual engaging in the unauthorized practice of law. At no time during the pendency of the underlying case did defendant ELB attempt to contact plaintiff herself. Upon information and belief, each and every communication from defendant ELB's office to plaintiff herein alleged was from a non-attorney debt collector attempting to unlawfully collect a debt from plaintiff.

30. On March 27, 2009, at approximately 9:30 a.m., plaintiff received a voicemail message from (713) 579-7000, wherein the female caller identified

herself as Ms. Cooper calling with attorney Brachfeld's office. Ms. Cooper then instructed plaintiff that he needed to return her call to (866) 834-3556, ext 6064 as soon as plaintiff received the call.

31.  On or about April 13, 2009, plaintiff discovered that defendant ELB had filed a request for dismissal the complaint in the underlying case, in its entirety, without prejudice, on April 6, 2009. The Court entered the dismissal without prejudice the same day. Defendant ELB did not obtain any release from plaintiff before filing her dismissal, nor did Defendant ELB notify plaintiff of her intent to dismiss prior to the filing of the dismissal. Defendant did not serve the request for dismissal to plaintiff prior to filing, nor did she serve plaintiff with a copy of the entry of dismissal despite California Rule of Court 3.1390, which requires service of the entry of dismissal on all parties by the party requesting the dismissal. At no time during the pendency of the underlying case did defendant ELB serve plaintiff with a response to his demand for bill of particulars even though the bill of particulars was required by law to be served to plaintiff on March 31, 2009.

## FIRST CLAIM FOR RELIEF

(For FDCPA Violations against NCO, ELBPC, ELB, MB, and DOES 1 through 5, inclusive)

32.  Plaintiff repeats and realleges and incorporates by reference paragraphs 1-31 above.

33.  Defendant NCO violated the FDCPA. Defendants' violations include, but are not limited to the following:

a)  Violating 15 U.S.C. § 1692g(b) by failing to provide validation of the debt and continuing its debt collection efforts after plaintiff had disputed the alleged debt in writing within thirty days of receiving notice of the 15 U.S.C. § 1692g debt validation rights;

     b)    Violating 15 U.S.C. § 1692c(c) for contacting plaintiff after written notice to cease contact with plaintiff;

     c)    Violating 15 U.S.C. § 1692e(2) for misrepresenting the status and amount of an alleged debt; and

     d)    Violating 15 U.S.C. § 1692f(1) for attempting to collect an amount, including any interest, fee, charge, or expense incidental to the principal obligation, not expressly authorized by the agreement creating the alleged debt or as authorized by law.

34.    Defendants ELBPC, ELB, and DOES 1 – 5, inclusive, violated the FDCPA. The violations include, but are not limited to the following:

     a)    Violating 15 U.S.C. § 1692g(b) by failing to provide validation of the debt and continuing debt collection efforts after plaintiff had disputed the alleged debt;

     b)    Violating 15 U.S.C. § 1692c(c) for contacting plaintiff after written notice to cease contact with plaintiff;

     c)    Violating 15 U.S.C § 1692e for engaging in false and misleading representations in connection with the collection of an alleged debt;

     d)    Violating 15 U.S.C § 1692f for using unfair and/or unconscionable means in attempting to collect an alleged debt; and

     e)    Violating 15 U.S.C § 1692g(a) for failing to send plaintiff the required written validation notice within 5 days of defendants' first contact with plaintiff.

35.    Defendant MB violated the FDCPA. The violations include, but are not limited to, the following:

     a)    Violating 15 U.S.C § 1692e(3) by holding himself out as an attorney during the March 24, 2009 unlawful collections voicemail to plaintiff; and

     b)    Violating 15 U.S.C § 1692e(5) for threatening, during his March 24, 2009 unlawful collections voicemail to plaintiff, to take legal action in the form of filing a dispositive motion for judgment on pleadings in response to plaintiff's

answer in the underlying case. Upon information and belief, defendant MB was not a licensed California attorney at all times relevant herein, but rather a garden-variety debt collector fraudulently posing as an attorney in attempt to gain leverage in his unlawful collection efforts. Accordingly, defendant MB could not file any motion in the underlying case on his client's behalf because he is not an attorney.

36. As a result of the above violations of the FDCPA, defendants are liable to plaintiff for: a declaratory judgment that defendants' conduct violated the FDCPA; plaintiff's actual damages; statutory damages; and costs and attorney's fees.

## SECOND CLAIM FOR RELIEF

(Federal, State and Common Law Unfair Business Practices Against NCO, ELBPC, ELB, MB and DOES 1- 5, inclusive)

37. Plaintiff repeats and realleges and incorporates by reference paragraphs 1-36 above.

38. Defendants' actions constitute unfair competition, including under California state law (including Business and Professions Code §§17200 et seq.) and common law.

39. Defendants' actions violate the law, and plaintiff is entitled to various remedies including preliminary and permanent injunctive relief.

40. Defendants' conduct, as herein alleged, caused and is causing plaintiff irreparable harm, which cannot be adequately compensated or measured monetarily, and thus should be permanently enjoined.

## THIRD CLAIM FOR RELIEF

(Malicious Prosecution against ELB, ELBPC and DOES 6 – 10, inclusive)

41. Plaintiff repeats and realleges and incorporates by reference paragraphs 1-40 above.

42. Defendants were actively involved in commencing and maintaining a lawsuit in the underlying case against plaintiff.

43. The underlying case lawsuit commenced and maintained against plaintiff by defendants terminated in plaintiff's favor.

44. The underlying case lawsuit commenced and maintained by defendants against plaintiff lacked any probable cause whatsoever, and no reasonable person would believe that defendants had probable cause to commence or maintain the lawsuit in the underlying case.

45. In commencing and maintaining the underlying case lawsuit against plaintiff, defendants acted primarily for a purpose other than succeeding on the merits of claim.

46. Defendants intended to, and did, act maliciously in commencing and maintaining the underlying case lawsuit against plaintiff.

47. As an actual, legal and proximate result of the foregoing, plaintiff suffered damages.

48. Defendants committed the acts alleged herein maliciously, fraudulently and oppressively, and in conscious disregard of plaintiff's rights, with the wrongful intention of causing plaintiff to sustain damages for the purpose of unlawfully coercing plaintiff to pay the alleged debt. Accordingly, plaintiff is entitled to recover punitive damages from defendants in an amount according to proof.

## FOURTH CLAIM FOR RELIEF

(Intentional Infliction of Emotional Distress against ELB, MB, ELBPC and DOES 6 – 10, inclusive)

49. Plaintiff repeats and realleges and incorporates by reference paragraphs 1-48 above.

50. In engaging in the aforementioned conduct, defendants intended to, and did, cause plaintiff severe emotional distress.

51. Defendants committed the acts alleged herein maliciously, fraudulently and oppressively, and in conscious disregard of plaintiff's rights, with

the wrongful intention of causing plaintiff to sustain damages for the purpose of unlawfully coercing plaintiff to pay the alleged debt. Accordingly, plaintiff is entitled to recover punitive damages from defendants in an amount according to proof.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays that judgment be entered in plaintiff's favor and against defendants for the following:

    A.    Declaratory judgment that defendants' conduct violated the FDCPA;

    B.    Actual damages;

    C.    Statutory damages pursuant to 15 U.S.C. § 1692k;

    D.    Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

    E.    Punitive damages; and

    F.    For such other and further relief as may be just and proper.

DATED: June 22, 2009

Mark McClenning
*Pro Per* Plaintiff

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE THAT plaintiff Mark McClenning requests a trial by jury.

DATED: June 22, 2009

Mark McClenning
*Pro Per* Plaintiff